Per Curiam.
Although it is stated in the third paragraph of the complaint that on the 2d of August, 1876, an account was stated between the parties to this action as the result of certain stock transactions up to the date mentioned, it nevertheless appears that there were other trans *318 actions between" the parties, which are alleged in the complaint to have taken place, by which the amount of indebtedness apparently established by the account stated was reduced very largely, and the balance, after the settlement of these subsequent transactions, was the amount claimed to be due as the result of all the dealings between the parties.
These subsequent transactions changed the character of the plaintiff’s demand regarded with reference to the dealings which took place subsequent to the account stated, and left the account substantially an open one, and therefore gave the plaintiff a right to prove the details of the various dealings had between him and the defendant in order to substantiate any claim which might exist in his favor. Upon this state of the pleadings and the proof, it seems to have been erroneous to refuse to receive the offer made by the plaintiff’s counsel to prove the items of the plaintiff’s account, and also to give proof of the actual indebtedness of the defendant under the pleadings.
Independently of this view which is predicated of the averments of the complaint, it appears upon an examination of the answer, that the defendant has averred generally the dealings between the parties resulting in what is claimed by the plaintiff to have been an account stated, alleging a balance due to the defendant as the result of those transactions, and this necessarily opens the whole account for investigation.
Doubtless the learned justice in the court below was quite-justified in holding that the proof of an account stated was not sufficient, inasmuch as the acts of the agent through whose instrumentality it was attempted to be established, affected no other than the transactions concerning which he himself had knowledge.
The verdict should be set aside, and a new trial ordered, with costs to appellant to abide event.